OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, defendants-appellants’ motion for summary judgment dismissing the complaint as to them granted, and the certified question answered in the negative.
During an attempted robbery of a streetfront store located in a building owned by defendants, pellets from a shotgun discharged by the robber from inside the store struck the infant plaintiff, a passerby, permanently blinding him. Plaintiffs allege that the tenant of the store conducted drug-trafficking activities in the premises and that although the defendants were aware of this illegal use they made no attempt to interdict it. Thus, it is contended, they are liable for the damages sustained.
We conclude however, that under the circumstances of this case the defendants owed no duty to the infant plaintiff. Thus, no liability for the injuries can be imposed.
There was no relationship between defendants and the gunman who robbed the streetfront store of their building. Nor was there any relationship between the attempted robbery and the illicit drug activity such as to require defendants to attempt to control the conduct of either the tenant or the gunman. Moreover, there was no relationship between defendants and the infant plaintiff requiring defendants to afford protection from potential dangers springing from the tenant’s illicit drug trafficking in the streetfront store (see, Pulka v Edelman, 40 NY2d 781; see also, Waters v New York City Hous. Auth., 69 NY2d 225; Strauss v Belle Realty Co., 65 NY2d 399; Santiago v New York City Hous. Auth., 63 NY2d 761).
Nor may liability be imposed based on the provisions of Real Property Law § 231 (2). That statute renders a landlord liable "for any damage resulting from [any] unlawful use, *871 occupancy, trade, manufacture or business” conducted on the premises (here the alleged drug trafficking). In this case, the deficiency in plaintiffs’ common-law claim alone defeats their statutory claim.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in a memorandum; Chief Judge Wachtler taking no part.
Order reversed, etc.