■ TSANG KING FAI, an Infant, by His Father and Natural Guardian, TSANG YING WAI, et al., Respondents, v CITY OF NEW YORK, Defendant, and JOEL L. SAPHIR et al., Appellants. (Action No. 1.) TSANG KING FAI, an Infant, by His Father and Natural Guardian, TSANG YING WAI, et al., Plaintiffs, v CITY

of New York, Defendant. (Action No. 2.) Ning Wai Chiu, an Infant, by Lan Fong Ng Chiu, His Mother and Natural Guardian, et al., Plaintiffs, v City of New York, Defendant. (Action No. 3.) Linda Santoli, Individually and as Parent and Natural Guardian of Pasquale Santoli, an Infant, et al., Respondents, v City of New York, Defendant, and Joel L. Saphir et al., Appellants. (Action No. 4.) Tsang King Fai et al., Respondents, v Harold Kaufman et al., Appellants. (Action No. 5.)—In five related actions to recover damages for personal injuries, etc., Harold Kaufman and Bay Coin Distributors, the defendants in Action No. 5, appeal, and Joel L. Saphir, Saphir Management and Holiday Point Realty Company, the defendants in Action No. 1 and Action No. 4, and Shelly Landon and Allen Bialor, defendants in Action No. 1 and Action No. 4, separately appeal, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), entered September 25, 1989, as denied the motion by Joel L. Saphir, Saphir Management and Holiday Point Realty Company and the respective motions by the other defendants for summary judgment dismissing the complaints and all cross claims and counterclaims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion and cross motions for summary judgment dismissing the complaints and all cross claims and counterclaims insofar as asserted against the appellants are granted; and it is further

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

The infant respondents were present at the "Quartermaster", a T-shirt store with coin-operated video games, when a hired arsonist entered the store and lobbed a firebomb into the rear of the premises. The infant respondents sustained injury from the resulting explosion, and subsequently commenced the instant action against, *inter alia,* the City of New York, the owner of the subject premises, the proprietor and the manager of the T-shirt store, and the supplier of the video machines. The appellants thereafter moved and cross-moved for summary judgment dismissing the complaints and cross claims insofar as asserted against each appellant. Although the Supreme Court granted the City's motion, it denied the motion and cross motions of the appellants, finding that triable issues of fact on the issue of liability precluded summary judgment. We disagree and reverse.

Contrary to the respondents' contentions, the record fails to

establish that the appellants were on notice that criminal acts against the arcade were imminent *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519, citing Restatement [Second] of Torts § 344, comment *f; see also, Iannelli v Powers,* 114 AD2d 157, 163). In this regard, we note that the respondents failed to set forth any evidentiary facts indicating that the appellants knew, or had reason to know from past experience, that there was a likelihood of conduct on the part of third persons which was likely to endanger the safety of visitors *(see, Zuckerman v City of New York,* 49 NY2d 557).

Moreover, the respondents additionally failed to demonstrate that they sustained any injury due to negligence on the part of the appellants *(see, Sheehan v City of New York,* 40 NY2d 496, 501; *see generally, Muniz v Flohern, Inc.,* 77 NY2d 869). Since the respondents tendered only conclusory allegations in opposition to the motions for summary judgment, we find that the motions should be granted *(see, Zuckerman v City of New York, supra,* at 562).

In light of the above, we find it unnecessary to address the appellants' remaining contentions. Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.