■ ONE ACRE, INC., Respondent, v TOWN OF HEMPSTEAD, Appellant. [626 NYS2d 226] —In an action pursuant to RPAPL article 15 to compel the determination of conflicting claims to real property, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered August 18, 1993, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

It is well settled that on a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the complaint is to be liberally construed, accepting all the facts alleged in the complaint as true and affording the plaintiff the benefit of every possible favorable inference (see, Leon v Martinez, 84 NY2d 83, 87; Rotanelli v Madden, 172 AD2d 815, 816). Moreover, where, as here, the motion is not converted into one for summary judgment, the court may consider affidavits for the limited purpose of remedying any defects in the complaint (see, Rovello v Orofino Realty Co., 40 NY2d 633, 635). The criterion is whether the plaintiff has a cause of action and not whether he may ultimately be successful on the merits (see, Stukuls v State of New York, 42 NY2d 272, 275; Detmer v Acampora, 207 AD2d 477; Greenview Trading Co. v Hershman & Leicher, 108 AD2d 468, 470).

In light of the above principles, we find that the Supreme Court properly denied the defendant's motion. Five elements must be established in order to gain title by adverse possession: possession must be hostile and under a claim of right; it must be actual; it must be open and notorious; it must be exclusive; and it must be continuous for the statutory period of 10 years (see, Congregation Yetev Lev D'Satmar v 26 Adar

*N.B. Corp.,* 192 AD2d 501, 503; *Risi v Interboro Indus. Parks,* 99 AD2d 466). The complaint, together with the plaintiff's papers in opposition to the motion to dismiss, adequately set forth the necessary elements for a claim of adverse possession. The defendant's motion papers failed to show that it was entitled to dismissal of the plaintiff's complaint at this early stage of the proceedings. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.