■ VINCENT AVERSA, Individually and as Administrator of the Estate of JOSEPH T. AVERSA, Deceased, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and CITY OF NEW YORK, Respondent. [650 NYS2d 117] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered December 26, 1995, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion for summary judgment granted and the complaint and cross-claims dismissed against defendant New York City Housing Authority, without costs. The Clerk is directed to enter judgment in favor of New York City Housing Authority dismissing the complaint and cross-claims as against it.

This is an action to recover damages for personal injuries and the wrongful death of Joseph T. Aversa, a sergeant investigator employed by the Division of New York State Police and assigned to the Joint Drug Enforcement Task Force in New York City. On March 5, 1990, Sergeant Aversa was working with several New York City police officers on a "buy and bust" operation at the Jacob Riis Housing Complex, a Manhattan housing establishment administrated by defendant New York City Housing Authority. Aversa worked backup with Officers Moruzzi and Garrido; another officer, Detective Mendez, worked undercover on the street. In the course of that operation, suspects Oswaldo Santana and David Hernandez took Mendez through an unlocked rear door to the basement of a building in the Complex, purportedly to complete a drug sale. Leaving Aversa and Moruzzi outside that door, Garrido entered the front of the building to provide additional backup to Mendez. Since the staircase to the basement was blocked by a wooden barricade, Garrido returned to the rear of the building.

Meanwhile, Santana and Hernandez attempted to rob Detective Mendez. A struggle and gunshots ensued. Sergeant Aversa, responding to the gunfire by opening the rear basement door, was shot in the head while still outside the building; he died shortly thereafter. Santana and Hernandez were subsequently convicted of felony murder (*People v Hernandez*, 186 AD2d 471, *affd* 82 NY2d 309).

Plaintiff Vincent Aversa, individually and as administrator of the estate of Joseph Aversa, commenced the instant action against the City of New York and the New York City Housing Authority. Plaintiffs alleged, *inter alia*, that the Housing Authority was liable for the decedent's injuries under General Municipal Law § 205-e and various other statutes, including Real Property Law § 231, Multiple Dwelling Law § 50-a (1)-(3), and Administrative Code of the City of New York §§ 27-127, 27-128, 27-2005, 27-369 and 27-381; the City cross-claimed against the Housing Authority, seeking indemnification for any judgment which might be entered against it. Following discovery, the Housing Authority moved for summary judgment dismissing the complaint and cross-claims against it on the ground that the alleged statutory violations were not the proximate cause of Sergeant Aversa's death. Supreme Court denied the motion, finding that questions of fact remained as to both the violation of statutes and the role any such violation might have played in Sergeant Aversa's death.

We reverse. It is well established that General Municipal Law § 205-e, as recently amended (*see*, L 1996, ch 703 [signed into law on Oct. 9, 1996]), permits police officers to recover for injuries caused by violation of duties imposed by statutes, ordinances, codes, rules and regulations. A plaintiff seeking to recover under section 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to the police officer (*cf., Muniz v Flohern, Inc.*, 77 NY2d 869).

In the instant matter, neither the alleged violations of Administrative Code §§ 27-127, 27-128 and 27-2005, which impose upon a property owner the duty to maintain premises in a safe condition, nor violations of Administrative Code § 27-369 (duty to keep corridors readily accessible and unobstructed) or § 27-381 (duty to provide artificial lighting of corridors and exits), are sufficient predicates for a section 205-e claim against the Housing Authority. Simply stated, the purportedly deficient conditions in the interior of the building cannot rationally be viewed as the proximate cause of Sergeant Aver-

sa's injuries in a shootout outside the rear basement door. Nor is Real Property Law § 231, which imposes a statutory duty on a landlord to evict persons residing within its premises known to be engaging in illegal drug, prostitution, or gambling activities, remotely applicable in this case, where plaintiffs have not alleged that the Housing Authority improperly failed to evict Santana and Hernandez from its premises for prior illegal conduct. Finally, a violation of Multiple Dwelling Law § 50 (a) (1)-(3) (duty to equip entrance door to cellar with self-locking and self-closing door to be locked at all times) does not give rise to a cause of action under section 205-e where, as here, the wrongdoer and the victim have no connection to the property owner and premises other than the coincidental occurrence of the injurious event (*see, Waters v New York City Hous. Auth.*, 69 NY2d 225; *Muniz v Flohern, Inc.*, 77 NY2d 869, *supra).* Consequently, the claims and cross-claims against the Housing Authority should be dismissed. We note in passing that today's decision, based on insufficiencies in plaintiffs' proof of proximate causation, is in no manner affected by the Legislature's recent amendment of General Municipal Law § 205-e. Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.