OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff Michael Sweeney sued defendants for common-law negligence, and liability under General Municipal Law § 205-e. His wife, plaintiff Stephanie Sweeney, sued defendants for loss of consortium. On February 8,1996, a prior motion was granted in Supreme Court awarding summary judgment to defendant City of New York (City), and this action was removed to the Civil Court, pursuant to CPLR 325 (d). The other defendants (hereinafter Defendants) now move for summary judgment dismissing this action as to them.
Summary judgment is rarely granted in negligence actions (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). In order to be entitled to summary judgment, a moving party must show his or her entitlement to judgment as a matter of law (CPLR 3212 [b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, *64 1067 [1979]). One issue for determination here is whether this is one of those exceptional instances where summary judgment should be granted in a negligence action.
Plaintiff Michael Sweeney (Plaintiff) was a police officer who on February 14, 1994 at about 2:00 a.m. was running after a suspect. On the sidewalk of East 64th Street in Manhattan, he slipped and fell on ice and snow. Plaintiff was injured by the fall. According to Plaintiff, the sidewalk had been shoveled and was partially clear. It had last snowed on February 11, 1994, about two days before the accident. According to Defendant Marc Wallack, he had shoveled the sidewalk between the time of that snowfall and Plaintiff’s accident.
In the February 8, 1996 decision, the Supreme Court Justice stated in awarding summary judgment to Defendant City: "Running on a snowy sidewalk was uniquely required of the police officer. Civilians would have been able to decide whether or not the conditions were favorable for running.” Defendants argue that under the law of the case doctrine the awarding of summary judgment to Defendant City should lead to such an award for Defendants. However, even if the law of the case concept would have applied under the circumstances here, a change in the law leads to its inapplicability (see, Foley v Roche, 86 AD2d 887 [2d Dept 1982]).
Effective October 9, 1996, amendments to General Municipal Law § 205-e and the General Obligations Law significantly affect the rights of police officers to sue for injuries which occur while the police officers are on duty. The law adding the provisions specifically states that it is applicable to all actions pending on its effective date. A new subdivision (3) has been added to General Municipal Law § 205-e: "This section shall be deemed to provide a right of action regardless of whether the injury or death is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department.” A new section 11-106 has been added to the General Obligations Law, which reads in part as follows: "Compensation for injury or death to police officers and firefighters or their estates. 1. In addition to any other right of action or recovery otherwise available under law, whenever any police officer or firefighter suffers any injury, disease or death while in the lawful discharge of his official duties and that injury, disease or death is proximately caused *65 by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than that police officer’s or firefighter’s employer or co-employee, the police officer or firefighter suffering that injury or disease, or, in the case of death, a representative of that police officer or firefighter may seek recovery and damages from the person or entity whose neglect, willful omission, or intentional, willful or culpable conduct resulted in that injury, disease or death.”
Defendants argue that Plaintiff’s first cause of action for negligence does not lie due to the applicability of the firefighter’s rule to police officers. This rule bars police officers injured in the line of duty from recovering for negligently caused injuries connected to the special hazards associated with police duties (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 439 [1995]). However, the Legislature has now expanded the rights of police officers and firefighters by enacting General Obligations Law § 11-106 (1). That provision significantly limits the common-law firefighter’s rule, including permitting Plaintiff’s first cause of action against Defendants under the circumstances here. Therefore, the first cause of action must not be dismissed.
General Municipal Law § 205-e provides to police officers a cause of action, such as Plaintiff claims here in his second cause of action, where an accident causing an injury happens directly or indirectly as a result of negligence in failing to comply with any statute, ordinance, or rule of a city government. "A plaintiff seeking to recover under section 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant’s negligence directly or indirectly caused harm to the police officer [citation omitted].” (Aversa v New York City Hous. Auth., 233 AD2d 217, 218.) This, Plaintiff did in his amended verified complaint.
Plaintiff’s second cause of action under General Municipal Law § 205-e relies upon Defendants’ alleged violation of various provisions of the Administrative Code of the City of New York. However, the only provision that applies to the circumstances here is Administrative Code § 16-123, which provides in part:
"Removal of snow, ice and dirt from sidewalks; property owners’ duties, a. Every owner, lessee, tenant, occupant, or other person, having charge of any building or lot of ground in the city, abutting upon any street where the sidewalk is paved, *66 shall, within four hours after the snow ceases to fall * * * remove the snow or ice * * *
"b. In case the snow and ice on the sidewalk shall be frozen so hard that it cannot be removed without injury to the pavement, the owner, lessee, tenant, occupant or other person having charge of any building or lot of ground as aforesaid, may, within the time specified in the preceding subdivision, cause the sidewalk abutting on such premises to be strewed with ashes, sand, sawdust, or some similar suitable material, and shall, as soon thereafter as the weather shall permit, thoroughly clean such sidewalks.”
Defendants assert that as a matter of law they cannot be held in violation of General Municipal Law § 205-e. Defendants contend that Plaintiff cannot assert a claim of negligent compliance with Administrative Code § 16-123 as a basis for liability under General Municipal Law § 205-e because Administrative Code § 16-123 only covers noncompliance, and because negligent compliance is not covered by General Municipal Law § 205-e.
First, negligent compliance by Defendants would fall under the Administrative Code provision on its face. The first subdivision thereof requires removal of snow and ice, and the second subdivision thereof provides for a thorough cleaning. Contrary to Defendants’ argument, neither subdivision permits negligent snow or ice removal or cleaning. Second, Plaintiff’s cause of action falls under the newly enacted subdivision (3) of General Municipal Law § 205-e. Negligent compliance violates the common-law duty of a property owner or occupant to keep his or her premises reasonably safe, including the adequate removal of snow and ice (see, Zuckerman v State of New York, 209 AD2d 510, 511-512 [2d Dept 1994]). Thus, even if deficient, Plaintiff’s second cause of action is preserved by the new subdivision (3) of General Municipal Law § 205-e.
Defendants further contend that they did remove snow and ice from the subject sidewalk and cleared a path thereon. Thus, they maintain that there was no violation of the Administrative Code and consequently of General Municipal Law § 205-e. However, Plaintiff testified at his deposition that the sidewalk area had been shoveled but that the part of the sidewalk where he fell had a five-to-eight-inch patch of bumpy, slushy snow and ice. Resolution of the issue of the sufficiency of the efforts by Defendants to remove the snow and ice cannot be determined on this motion for summary judgment. If Plaintiff’s testimony is accepted at trial, it may be inferred *67 that Defendants were negligent in their failure to clear the sidewalk of snow and ice, and that Defendants’ negligence directly or indirectly caused Plaintiffs injuries.
Finally, Defendants argue that the approximately two days from the last snowfall until Plaintiffs accident was an insufficient time period as a matter of law to hold Defendants liable. They cite to Valentine v City of New York (57 NY2d 932, affg 86 AD2d 381 [1st Dept 1982]), but that holding is inapposite for several reasons. First, the Court of Appeals held that about 30 hours between the end of a heavy snowfall and the accident of plaintiff there was insufficient as a matter of law to hold the City liable, but here the time period was longer than 30 hours. Furthermore, Defendants here are private persons, and the first subdivision of Administrative Code § 16-123 provides that private persons (as compared to the City) generally must remove snow or ice from the sidewalk within four hours. Finally, Defendants’ ability to shovel the subject sidewalk in between the dates of the snowfall and Plaintiffs accident belies Defendants’ argument.
Therefore, summary judgment must be denied. Plaintiffs have the right to have their claims determined at a trial.