■ CHRISTOPHER CAMPBELL, Respondent, v CITY OF NEW YORK, Appellant. [819 NYS2d 294]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), dated December 1, 2004, which, upon a jury verdict, and upon, inter alia, the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence, is in favor of the plaintiff and against it in the principal sums of $100,000 for past pain and suffering and $250,000 for future pain and suffering.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a New York City police officer, was assigned to the mounted unit. On May 26, 1999, he was injured when his horse bolted and collided with a double-parked car, throwing the plaintiff through the rear window. The plaintiff brought this action against the defendant, City of New York, inter alia, alleging a right to recover under General Municipal Law § 205-e based on the defendant's violation of Labor Law § 27-a (3) (a) (1). The Supreme Court instructed the jury that the plaintiff could recover for the defendant's violation of its obligation under Labor Law § 27-a to furnish employment that is free from "recognized hazards," which it defined as follows: "[I]n this context the term hazard means being supplied with a horse that was hazardous over and above those hazards normally associated with horseback riding." The defendant accepted this definition at the precharge conference. The jury returned a verdict in favor of the plaintiff.

On appeal, the defendant confines itself to the contentions that the plaintiff failed to make out a prima facie case because

the horse the defendant furnished to the plaintiff did not constitute a recognized hazard in the workplace or that the defendant was not on notice that the horse was unfit or presented a hazard over and above those normally associated with horseback riding.

In order to establish his right to recover under General Municipal Law § 205-e, the plaintiff was required to prove (1) the defendant violated a relevant statute and (2) a practical or reasonable connection between the violation and the plaintiff's injury (see Rosabella v Metropolitan Transp. Auth., 23 AD3d 365, 366 [2005]). Contrary to the defendant's argument on appeal, the plaintiff met his burden by proving that his horse presented a recognized hazard, that the defendant was aware of the dangerous behavior of the horse before the incident resulting in the plaintiff's injuries, and that there was a reasonable connection between the defendant's supplying this horse to the plaintiff and the injuries he sustained as a result of riding it.

In particular, the plaintiff proved three incidents occurring before May 26, 1999 involving unprovoked behavior of the horse that was assigned to him. In the first incident, in August 1998, the horse, while on a lead line, bolted and pulled the plaintiff forward, injuring his chest and upper back. In the second incident, in November 1998, the plaintiff was riding his mount in Van Cortlandt Park when the horse started running, causing the plaintiff to strike a tree, injuring him in the chest. Finally, in January 1999, the horse reared under the plaintiff and threw him to the ground, and then fell and landed on the plaintiff's leg. The plaintiff reported all of these incidents. The plaintiff's commanding officer knew about these and other incidents and the danger posed by the horse assigned to the plaintiff. Indeed, he distinguished between commonly fractious horses and dangerous ones such as the mount assigned to the plaintiff.

This evidence in the plaintiff's case-in-chief sufficed to lead a rational jury to find that the defendant failed to furnish the plaintiff employment that was free from recognized hazards, and that, by this failure the defendant violated Labor Law § 27-a (3) (a) (1) (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d 129, 132 [1985]).

To the extent the defendant may be deemed to be raising on appeal claims of the plaintiff's comparative negligence and assumption of the risk, these claims are without merit as they do not extend to the additional hazards presented by the dangerous horse the defendant knowingly furnished to the plaintiff (see Mullen v Zoebe, Inc., 86 NY2d 135, 141-143 [1995]; Balsamo v City of New York, 287 AD2d 22, 27-28 [2001]).

The defendant's remaining contentions are without merit. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.