OPINION OF THE COURT
Sylvia O. Hinds-Radix, J.
Defendant City of New York moves, pursuant to CPLR 3211 (a) (7), for an order dismissing plaintiff Demetria Singleton’s complaint on the ground that she has failed to plead an adequate statutory violation as the predicate to imposing liability upon the City pursuant to General Municipal Law § 205-e. Plaintiff opposes the instant motion on the ground that her complaint alleges facts adequate to sustain a section 205-e cause of action premised upon the City’s alleged violation of Labor Law § 27-a.*
In the instant action, plaintiff, a New York City police officer, seeks damages for injuries she allegedly sustained while participating in a police training exercise at her precinct house on or about February 5, 2005. The training exercise allegedly was conducted in the basement of the 40th Precinct in Brooklyn. Plaintiff allegedly became injured when “she was acting out the role of perpetrator and was caused to be flipped face down into the basement floor by a probationary police officer.” Plaintiff alleges that her injuries were caused by the City’s failure to comply with Labor Law § 27-a. In her verified notice of claim, duly served on the City prior to the complaint in compliance with General Municipal Law § 50-e, plaintiff specifically alleges that the City failed, inter alia, “to provide and have available the appropriate and necessary safety equipment for a training exercise including but not limited to mats and protective gear.”
*1175 “It is well settled that, as a general rule, on a motion to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7), the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true” (Gruen v County of Suffolk, 187 AD2d 560, 562 [1992]).
Additionally, “[t]he pleading is deemed to allege whatever can be implied from its statements by fair and reasonable intendment” (Components Direct v European Am. Bank & Trust Co., 175 AD2d 227, 232 [1991]). “[I]f from [the complaint’s] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). “The criterion is whether the plaintiff has a cause of action and not whether he may ultimately be successful on the merits” (One Acre v Town of Hempstead, 215 AD2d 359, 359 [1995]). Accordingly, the dismissal of a complaint pursuant to CPLR 3211 (a) (7), “will be warranted only in those situations in which it is conclusively established that there is no cause of action” (Town of N. Hempstead v Sea Crest Constr. Corp., 119 AD2d 744, 746 [1986]).
General Municipal Law § 205-e applies to causes of action for personal injury asserted by police officers and is analogous to General Municipal Law § 205-a, a “sister statute” which is applicable to firefighters (see Galapo v City of New York, 95 NY2d 568, 574 [2000]). It allows recovery for the negligent failure to comply with any statute, ordinance or rule of any governmental department and is to be given an expansive interpretation (see Gonzalez v Iocovello, 93 NY2d 539, 548-549 [1999]). “A plaintiff seeking to recover under section 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant’s negligence directly or indirectly caused harm to the police officer” (Williams v City of New York, 304 AD2d 562, 563 [2003] [affd 2 NY3d 352 (2004)], quoting Aversa v New York City Hous. Auth., 233 AD2d 217, 218 [1996]; see also Balsamo v City of New York, 287 AD2d 22, 25-26 [2001]).
Labor Law § 27-a (3) states, in relevant part, that
“[e]very employer shall: (1) furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide *1176 reasonable and adequate protection to the lives, safety or health of its employees . . .
In the Balsamo case, the Appellate Division, Second Department, recognized that a claimed violation of Labor Law § 27-a could, under the appropriate circumstances, serve as a predicate for imposition of liability pursuant to section 205-e. The plaintiff police officer in Balsamo alleged that he sustained injuries when his left knee came into contact with a sharp protruding edge of an unpadded computer console that was mounted off the floor between the driver and front passenger seats in a police vehicle in which he was a passenger. Although the City had argued that Labor Law § 27-a was inapplicable, “as the nature of police work is not free from recognized hazards” (287 AD2d at 27), the Court noted that “Labor Law § 27-a is applicable to the uniformed services and the safety or protective equipment provided to them,” and affirmed the trial court’s denial of the City’s motion for summary judgment (id. at 28).
In the Williams case, however, the Court of Appeals made clear that limitations existed with regard to the reliance by police officers on Labor Law § 27-a in section 205-e actions. The decedent police officers in Williams were killed by a prisoner they were transporting after the prisoner gained access to a service gun while he was being held in a detention room located near lockers which contained police weapons. In holding that Labor Law § 27-a did “not cover the special risks faced by police officers because of the nature of police work,” the Court noted that such issues as “how police officers should use and store their weapons and ammunition; how much security should be provided when prisoners are transported; and where and under what conditions prisoners should be detained” fell within the purview of police supervisors and department policy and, accordingly, were not subject to regulation under the Labor Law (2 NY3d at 368). In distinguishing Balsamo from Williams, the Court stated that, under the facts in Balsamo, section 27-a arguably applied because said statute was “designed to prevent the type of occupational injury that occurred when the [subject] officer was given an improperly equipped vehicle” and said injury “did not arise from risks unique to police work” (id.). Accordingly, the Court reasoned that the plaintiffs in Williams had failed to establish a violation of Labor Law § 27-a and, concomitantly, also failed to establish a section 205-e claim.
In a recent case, Campbell v City of New York (31 AD3d 594 [2006]), the Second Department determined that a rational jury *1177 could have found that the City had violated section 27-a by providing the plaintiff, a police officer assigned to a mounted unit, with a dangerous horse. At trial, the plaintiffs commanding officer testified as to the difference between “commonly fractious horses and dangerous ones such as the mount assigned to plaintiff’ (id. at 595) and the trial court defined “recognized hazards,” with respect to the particular facts of the case, as “being supplied with a horse that was hazardous over and above those hazards normally associated with horseback riding.” (Id. at 594.)
In the instant case, accepting plaintiff’s allegations as true, and affording them every favorable inference, the court finds that plaintiff sufficiently states a cause of action pursuant to section 205-e. Plaintiff avers that the City violated Labor Law § 27-a by failing to provide her with the appropriate and necessary safety equipment, including floor padding or mats, necessary to protect her from the “recognized hazards” inherent in the training exercise in which she was requested to participate. Although the City argues that plaintiff’s allegations merely implicate the policies and procedures of her police supervisors, the gravamen of plaintiff’s complaint is that the training room itself was structurally insufficient for training purposes because it lacked adequate padding and the City failed to provide her with any other or additional safety equipment to ameliorate the recognized risks of holding a training exercise, which apparently included enactments of street confrontations, in such unpadded room. Moreover, given the dearth of discovery to date, it cannot yet be determined whether such a training exercise was sufficiently routine, standard and regulated or whether it could be construed as constituting a more unpredictable risk either inherent in, or unique to, police work. At this juncture the court is mindful that “[t]he criterion [on a motion to dismiss] is whether the plaintiff has a cause of action and not whether he [or she] may ultimately be successful on the merits” (One Acre v Town of Hempstead, 215 AD2d 359, 359 [1995]). Given that plaintiff’s section 205-e claim, as pleaded, essentially alleges that she was provided with a room inadequate for its purpose and no safety equipment with which to perform her assigned task of participating in the subject training exercise, the court finds that the violation of section 27-a alleged herein is properly construed as analogous to the provision of *1178 a dangerous horse to the plaintiff in Campbell or the unpadded computer console in Balsamo, and does not merely implicate policies utilized to manage the inherent dangers of police work as was the case in Williams. Accordingly, having adequately pleaded a cognizable violation of section 27-a by the City, plaintiffs section 205-e claim is not subject to dismissal under CPLR 3211 (a) (7).
As a result, the City’s motion to dismiss is denied in its entirety.

 The court notes that the City also argues that plaintiff has failed to state a cause of action for common-law negligence and also has improperly premised her section 205-e claim, in part, upon the City’s alleged violation of Labor Law § 200. However, as plaintiff appears to oppose the City’s motion to dismiss solely on the ground that she has stated a valid cause of action pursuant to section 205-e based upon the City’s alleged violation of Labor Law § 27-a, the court has limited its discussion, in the within decision, to such claim. In addition, although the City has requested that the instant motion be construed as one for summary judgment, the court declines to do so given the dearth of discovery conducted by the parties to date and the lack of any definitive indication that the parties have “charted a summary judgment course” with respect to the subject motion to dismiss (see generally Henbest & Morrisey v W.H. Ins. Agency, 259 AD2d 829, 830 [1999]).