■ LOUIS RISI, Appellant, v INTERBORO INDUSTRIAL PARKS, INC., et al., Respondents. — In an action under RPAPL article 5 to determine a claim of title to certain property, plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated July 26, 1983, which granted the motion of defendant Interboro Industrial Parks, Inc., to dismiss the complaint in its entirety for failure to state a cause of action, and denied plaintiff's motion for a temporary restraining order against defendants' entry upon the disputed land. Order affirmed, with one bill of costs. Plaintiff claims title by adverse possession to a plot of land adjacent to the home he has lived in since 1947. Beginning in that year, plaintiff's father was employed by defendant's predecessors as a watchman over a larger parcel of land which includes that home and the disputed plot. It is asserted that plaintiff's father established a garden on this disputed plot which is still being cultivated by plaintiff. Five elements must be established in order to gain title by adverse possession: possession must be hostile and under claim of right, it must be actual, it must be open and notorious, it must be exclusive and it must be continuous (*Belotti v Bickhardt,* 228 NY 296). Special Term dismissed the complaint because the requisite hostility was lacking. It has long been the rule that the possession by a tenant of lands adjoining the demised premises is to be considered the possession of the landlord and cannot be adverse to the landlord's interests. Such nonadversity continues for a statutory period after the end of the tenancy as a rebuttable presumption (*Whiting v Edmunds,* 94 NY 309). RPAPL 531 now codifies this rule. The result of this rule is that a tenant may acquire a permanent interest in adjacent lands belonging to third persons for use with the leased property which will enure to the tenant's benefit during the tenancy. However, on its expiration, the land so acquired appertains to the landlord (*Dempsey v Kipp,* 61 NY 462, 470). The same principle has been held applicable to adjacent lands owned by the landlord of a tenant who takes possession of those lands (see *Bedlow v New York Floating Dry Dock Co.,* 112 NY 263, 282-283). Plaintiff is thus precluded from showing that he has taken title by adverse possession to land adjacent to his tenancy because his interest is, as a matter of law, regarded as not hostile to that of his landlord. Moreover, plaintiff and his father, in building a garden on undeveloped land near a railroad track, were not performing any act that contradicted the interests of the landlord. Such a compatible use also negates the required hostility (see *Gerwitz v Gelsomin,* 69 AD2d 992). Plaintiff's father was shown to have had the disputed land within his purview as a watchman and it therefore appears that his entry onto the land was by permission. Such permission is presumed to continue until the contrary appears (*Lewis v New York & Harlem R. R. Co.,* 162 NY 202, 220). Here, there is no evidence of a distinct assertion of right hostile to the owner during the statutory period required to obtain title by adverse possession and it must be concluded that possession was permissive (*Hinkley v State of New York,* 234 NY 309, 317; *Rusy-Bohm Post No. 441 v Islip Enterprise,* 5 AD2d 774, affd 5 NY2d 856). Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.