■ STEVEN E. PEGALIS et al., Appellants, v ROY A. ANDERSON et al., Respondents. — In an action pursuant to RPAPL article 15 to bar defendants' claims to the subject real property, plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Berman, J.), entered January 31, 1984, which dismissed the complaint, vacated the notice of pendency filed on behalf of plaintiffs against defendants and awarded defendants the sum of $3,000 as a discretionary allowance pursuant to CPLR 8303 (a) (2).

Judgment modified, on the law, by deleting the provision thereof which dismissed the complaint and substituting therefor

a provision declaring defendants the owners of the subject property. As so modified, judgment affirmed, with costs to defendants.

The subject parcel consists of a narrow strip of land, approximately 15 feet at its widest point, which is situated along the northerly portion of defendants' property. The disputed property, while included within the metes and bounds description of the deed for defendants' land, is nevertheless claimed by plaintiffs through the theory of adverse possession. Specifically, plaintiffs claim that they and their predecessors in title have occupied and possessed the subject property on a continuous basis during the statutory period "first by tilling and preparing the soil; planting sod and trees and installing an underground sprinkler system; than [sic] in season, by watering the grass and trees on a daily basis; by re-seeding and fertilizing the grass on a regular basis; by cutting the grass, in season, on a weekly basis; and by picnicking on a regular and continuous basis during the statutory period".

The disputed parcel was dramatically different in appearance from the balance of the Anderson property, which was rough, unkempt and overgrown. Since 1977, when plaintiffs took possession of the premises which they ultimately purchased in 1980, the southerly boundary of the grass-cultivated area never changed.

At one point, plaintiffs attempted to negotiate the purchase of the Anderson property for use as a parking lot. In the course of the discussion, they were informed, for the first time, that their property line did not extend to the edge of the cultivated lawn. Inasmuch as plaintiffs' efforts to purchase the entire Anderson property were unsuccessful, plaintiffs instituted the instant action seeking a determination that they owned the disputed parcel, having adversely possessed it for the required statutory period.

It is evident from the record that the land in dispute was "unusually cultivated or improved" within the meaning of RPAPL 522. Nor is the fact that plaintiffs have only held title to their land since 1980 necessarily detrimental to their claim. An adverse possession may be effectual for the statutory period by successive persons provided that such possession be continued by an unbroken chain of privity between the adverse possessors (*Belotti v Bickhardt*, 228 NY 296, 306). Under the circumstances of this case, however, plaintiffs have failed to establish that either themselves or their predecessors actually possessed the disputed property for a continuous 10-year period (CPLR 212 [a]).

The record reveals two substantial interruptions in plaintiffs' use which could cause their claim to fail. The landscape contractor, who was first hired by the prior owners of plaintiffs' property to perform maintenance work in 1968, attested to a two-year hiatus in his services. In 1982, he was hired by plaintiffs to perform the same work which he had performed for the prior owners. As per the direct testimony of the landscaper, he performed no maintenance services on the property between September 1975 and September 1976. The property was not maintained at all during that interval. The landscaper further testified that he did not maintain the subject premises during 1981. Although he believed that landscaping work was performed by another party during 1981, he had no knowledge of that party's identity. Although plaintiffs were aware of this hiatus in their proof, they failed to present any evidence of landscaping, cultivation or even cutting of grass having been conducted on the subject parcel in 1981.

Inasmuch as plaintiffs did not present sufficient evidence that the land in dispute was cultivated for the one-year interval between September 1975 and September 1976 and for all of 1981, they failed to meet their burden of proving, by clear and positive evidence, that there was, among other things, actual possession of the disputed property for a continuous 10-year period (*see, Mastin v Village of Lima,* 86 AD2d 777).

We have modified the judgment to declare the rights of the parties in the subject property (*see,* RPAPL 1521).

Defendants' request for counsel fees is not properly presented to this court inasmuch as defendants did not cross-appeal from the judgment (*see,* CPLR 5513).

We have considered plaintiffs' remaining contentions and find them to be without merit. Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.