■ SAMUEL BERMAN, Appellant, v ABRAHAM GOLDEN et al., Respondents.—In an action pursuant to RPAPL article 15 to determine the interests of the parties in portions of a certain parcel of real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated January 15, 1986, which, *inter alia,* denied his motion for partial summary judgment, granted Anita Romano's cross motion for summary judgment dismissing the complaint insofar as it is asserted against her, and denied his application to amend his complaint.

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof and by substituting therefor a provision granting the plaintiff's motion for

partial summary judgment and declaring that the defendants Abraham Golden, Minton DaCunha and Gwenlyn DaCunha have no right, title or interest in the real property which is the subject of the plaintiff's motion for partial summary judgment; as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the conclusion reached by the court of first instance, we find that no triable issues of fact have been raised with respect to the plaintiff's ownership of the cottage property which was the subject of his motion for partial summary judgment. The documentary evidence contained within the record, including various deeds and surveys submitted by both the plaintiff and the defendants Golden and DaCunha, overwhelmingly established that the plaintiff is the record owner of the real property upon which the cottage is situated, and the defendants Golden and DaCunha conceded this fact during an examination before trial. Moreover, the claim of these defendants that the disputed property was intended to be conveyed in a 1941 deed to their grantor is unsupported by admissible evidence in the record and is insufficient to rebut the presumption of accuracy which attaches pursuant to CPLR 4522 to the description of the property conveyed by that deed.

The defendants Golden and DaCunha similarly have failed to raise a triable issue of fact with respect to their claim that they acquired title to the disputed area by the alleged prior adverse possession of the property by others. Although they contend that three individuals, Lizzie Bennett, Lillian Golden, and Ruth Golden, successively occupied the cottage for the requisite time period, it is undisputed that Lizzie Bennett's occupancy was pursuant to a life estate rather than an estate in fee; hence, her residency at the premises is legally insufficient to support a claim of adverse possession (see, Bedell v Shaw, 59 NY 46; see also, Partenfelder v People, 211 NY 355). Additionally, the record contains no evidence of hostile possession by Bennett, as her occupancy was entirely consistent with her claimed life tenancy and as such did not conflict with the rights or call for the objection of the record owner, who was Bennett's daughter (see generally, Risi v Interboro Indus. Parks, 99 AD2d 466; Rusy-Bohm Post No. 411 v Islip Enters., 5 AD2d 774, affd 5 NY2d 856). Moreover, the alleged subsequent occupancy of the cottage by Lillian Golden is not documented by evidence in the record, nor can her alleged possession be tacked to that of Bennett, for the defendants Golden and DaCunha have failed to present any proof that Bennett was in

privity with or intended to convey possessory rights in the cottage to Lillian Golden *(see, Pegalis v Anderson,* 111 AD2d 796; *Rasmussen v Sgritta,* 33 AD2d 843). For this same reason, the seasonal occupancy of the premises by Ruth Golden cannot be tacked to the alleged possession by Lillian Golden; hence, even if it is assumed that Ruth's residency was sufficiently actual and continuous to satisfy the requirements of adverse possession *(see generally,* RPAPL 512; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, *appeal dismissed* 58 NY2d 824), it is clear that it was not of sufficient duration *(see, Pegalis v Anderson, supra).* It further bears noting that the disputed property remained uninhabited for a number of years between the last occupancy by Ruth Golden and the first assertion of control over the cottage by the defendants Minton and Gwenlyn DaCunha; thus no continuity of possession has been established with respect to these parties. Under the foregoing circumstances, the defendants Golden and DaCunha have failed to demonstrate the existence of triable issues of fact with respect to the claim of adverse possession, and partial summary judgment in favor of the plaintiff is appropriate *(see, Zuckerman v City of New York,* 49 NY2d 557).

We further find that the granting of summary judgment in favor of the defendant Romano, as Commissioner of Social Services of the County of Suffolk, was proper, as it is undisputed that the Commissioner, as the plaintiff's grantor, claims no right, title or interest in any of the parcels which are the subject of the present action *(see, e.g., Brothers v Wall,* 84 AD2d 923). Moreover, in light of the fact that the plaintiff's proposed fraud and/or negligence claims against the Commissioner would be subject to dismissal pursuant to General Municipal Law § 50-e as well as the applicable Statutes of Limitations, and are in any event overwhelmingly refuted by the evidence in the record, we discern no abuse of discretion in the court's denial of the plaintiff's application for leave to amend the complaint to assert these claims *(see, e.g., Nash v Oberman,* 117 AD2d 724, *lv denied* 68 NY2d 607; *Downes v Peluso,* 115 AD2d 454; *Goldstein v Barco of Cal.,* 109 AD2d 817; *Barnes v County of Nassau,* 108 AD2d 50). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.