■ RICHARD ROWLAND et al., Appellants, v CRYSTAL BAY CONSTRUCTION, Inc., Respondent. [754 NYS2d 53] —In an action, inter alia, to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated October 23, 2001, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging adverse possession.

Ordered that the order is affirmed insofar as appealed from, with costs.

The dispute in this case arises from successive surveys of the plaintiffs' property which differ by an area measuring 27.75 feet by 200 feet (hereinafter the disputed parcel). Before purchasing vacant land in February 1986, the plaintiffs commissioned Hawkins Webb Jaeger Associates (hereinafter Hawkins Webb) to perform a survey. After the survey, the plaintiffs acquired title by deed which described the property as lots 41-45 and lots 84-93 on the filed Map of Keewaydin Park. Thereafter, in March 1987 Hawkins Webb presented the plaintiffs with an unsolicited corrected survey which reduced the dimensions of their property by a parcel of 27.75 feet by 200 feet. The plaintiffs did not contest the March 1987 revised survey, and in fact they relied upon it to obtain a certificate of occupancy for their newly-built house, and in an abandonment proceeding in 2000 in which they acquired title to part of an unopened road adjacent to their property. The plaintiffs allege in their complaint that they believed the true dimensions of their property were as set forth in the February 1986 survey and that they continuously occupied the disputed parcel as their own from 1986 onward.

In 1999 the defendant commissioned Hawkins Webb to map property owned by Alexander Poulianos and John Alexander Poulianos (hereinafter the Poulianos property), which was adjacent to the plaintiffs' property on the Map of Keewaydin Park. Based upon this survey, the defendant purchased the Poulianos property and filed an approved "Subdivision Map of Poulianos." When the defendant began building homes on two

of its lots within the disputed parcel, the plaintiffs commenced this action to quiet title in themselves. As an alternative cause of action, the plaintiffs alleged that they adversely possessed the disputed parcel by installing improvements such as a shed, dog run, playset, and drainage ravine. Additionally, the plaintiffs claimed that they cleared vegetation and debris, and planted and maintained grass, stored wood and construction materials, and dumped leaves on the disputed parcel. After joinder of issue, the defendant moved for summary judgment. The Supreme Court found that issues of fact existed with respect to the first and third causes of action alleging trespass, but granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging adverse possession.

The defendant came forward with sufficient evidence in admissible form to establish entitlement to judgment as a matter of law on the branch of its motion seeking summary judgment dismissing the cause of action alleging adverse possession (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320). One who claims title to land not founded upon a written instrument by adverse possession must demonstrate (1) that the land has been usually cultivated or improved, or (2) protected by a substantial enclosure (see RPAPL 522). The common-law elements of adverse possession must also be satisfied. Thus, the possession must be (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years (see Belotti v Bickhardt, 228 NY 296; One Acre v Town of Hempstead, 215 AD2d 359).

We agree with the Supreme Court that the plaintiffs, who do not assert that the disputed parcel was substantially enclosed, failed to raise a triable issue of fact in opposition to the motion as to whether their use of the property satisfied the statutory requirement of "usual * * * cultivat[ion] or improve[ment]" (see RPAPL 522; Giannone v Trotwood Corp., 266 AD2d 430). Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.