■ Victor D. Speziale et al., Respondents, v Danielle Grabeklis, Appellants. [758 NYS2d 106] —In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), dated June 10, 2002, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

A party seeking summary judgment "must make a prima facie showing of entitlement as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). A prima facie showing shifts the burden to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of a material question of fact (see Alvarez v Prospect Hosp., supra).

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must produce evidence that the subject premises were either "usually cultivated or improved" or "protected by a substantial [e]nclosure" (RPAPL 522 [1], [2]). That party must also establish, by clear

and convincing evidence, the common-law requirements of hostile possession, under a claim of right, which was actual, open and notorious, and exclusive, and continuous for the statutory period (*see Brand v Prince,* 35 NY2d 634 [1974]; *Manhattan School of Music v Solow,* 175 AD2d 106 [1991]). Based on these standards, the defendants established their entitlement to judgment as a matter of law, and the plaintiffs failed to establish the existence of a material issue of fact. Ritter, J.P., S. Miller, H. Miller and Cozier, JJ., concur.