◼ GLORIA ROSE, Appellant, v HORTON MEDICAL CENTER, Respondent. [773 NYS2d 114]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered October 3, 2002, which, upon an order of the same court dated August 14, 2002, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against her.

Ordered that the judgment is reversed, on the law, with costs, the order dated August 14, 2002, is vacated, the motion is denied, and the complaint is reinstated.

Initially, we note that the plaintiff previously appealed from the order dated August 14, 2002, granting the defendant's motion for summary judgment. That appeal was dismissed by this Court for failure to prosecute. Although the plaintiff ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]), since the instant appeal was perfected before the prior appeal was dismissed, and under all of the circumstances of this case, we exercise our discretion to entertain the instant appeal (see Faricelli v TSS Seedman's, 94 NY2d 772 [1999]).

It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]). If such a showing has been made, the burden then shifts to the opponent to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (see Alvarez v Prospect Hosp., supra).

The defendant, Horton Medical Center (hereinafter the Hospital), established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's decedent was treated only by private attending physicians who were not employees of the Hospital, and thus it could not be held vicariously liable for any alleged malpractice (see Woodard v La-Guardia Hosp., 282 AD2d 529 [2001]). However, in opposition thereto, the plaintiff raised a material issue of fact in this regard by submitting proof that a doctor, who may have been a Hospital employee, examined and prescribed a course of treatment for

the decedent on the day before he died. Under such circumstances, the Hospital was not entitled *to* summary judgment dismissing the complaint (*see Malcolm v Mount Vernon Hosp.,* 309 AD2d 704 [2003]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.