■ DANIEL ROLAND et al., Appellants, v SAM AJAMIAN et al., Respondents, et al., Defendant. [792 NYS2d 618]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered March 5, 2004, which, upon an order of the same court dated January 29, 2004, granting the motion of the defendants Sam Ajamian and Violet Ajamian for summary judgment dismissing the complaint insofar as asserted against them and denying their cross motion, among other things, for summary judgment on the complaint insofar as asserted against those defendants, is in favor of the defendants Sam Ajamian and Violet Ajamian dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed, with costs.

The plaintiffs previously appealed from an order dated January 29, 2004, which appeal was dismissed by this Court for failure to perfect. "Although the plaintiff[s] ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]), since the instant appeal was perfected before the prior appeal was dismissed, and under all of the circumstances of this case, we exercise our discretion to entertain the instant appeal" (*Rose v Horton Med. Ctr.*, 5 AD3d 459, 460 [2004]).

In order to obtain title by adverse possession on a claim not based upon a written instrument, the plaintiffs "must produce evidence that the subject premises were either 'usually cultivated or improved' or 'protected by a substantial [e]nclosure' " (*Speziale v Grabeklis*, 303 AD2d 746 [2003], quoting RPAPL 522 [1], [2]). In addition, the plaintiffs must establish, by clear and convincing evidence, "[a]ctual possession adverse to the true owner" for a continuous period of 10 years (*Brand v*

*Prince,* 35 NY2d 634, 636 [1974]; CPLR 212 [a]). Adverse possession, under the common-law rule, must be "actual, open and notorious, and exclusive, and continuous for the statutory period" (*Speziale v Grabeklis, supra* at 747; *see also Fenisia Garage Corp. v Exxon Corp.,* 292 AD2d 494 [2002]).

The defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiffs did not meet the statutory or common-law requirements to obtain title to the disputed property by adverse possession. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Rowland v Crystal Bay Constr.,* 301 AD2d 585 [2003]; *Giannone v Trotwood Corp.,* 266 AD2d 430 [1999]).

The plaintiffs' remaining contention is without merit. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.