■ Rudy Reis et al., Appellants, v Anthony T. Coron, Respondent. [830 NYS2d 589]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 7, 2006, which denied their motion for summary judgment on the complaint and dismissing the defendant's counterclaim.

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiffs' motion for summary judgment on

the complaint and dismissing the defendant's counterclaim is granted.

The plaintiffs established their prima facie entitlement to judgment as a matter of law by showing that the defendant did not meet the common-law requirements to obtain title to the disputed property by adverse possession (*see Speziale v Grabeklis,* 303 AD2d 746 [2003]). In opposition, the defendant failed to raise a triable issue of fact since he possessed the disputed property for less than the statutory 10-year period and he cannot tack on the alleged adverse possessions by his predecessors in title since he offered no evidence that they "intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (*Brand v Prince,* 35 NY2d 634, 637 [1974]; *see Seisser v Eglin,* 7 AD3d 505, 506 [2004]; *Berman v Golden,* 131 AD2d 416 [1987]; *Avraham v Lakeshore Yacht & Country Club,* 278 AD2d 842 [2000]; *cf. Gjokaj v Fox,* 25 AD3d 759, 760 [2006]; *Oistacher v Rosenblatt,* 220 AD2d 493 [1995]). Schmidt, J.P., Rivera, Covello and Angiolillo, JJ., concur.