■ MARIE LODOL, Appellant, v JULIAN ARBUS, Respondent.
[848 NYS2d 335]—

In an action, inter alia, for an injunction directing the defendant to remove an encroaching structure pursuant to RPAPL 871, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated February 1, 2007, which denied her motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant own separate parcels of property which are included in a 1925 subdivision map. The rear of their lots abut opposite sides of Corriere Place, a 20-foot-wide paper street mapped on the 1925 subdivision map. The plaintiff and the defendant each have title to the one-half portion of the roadbed of Corriere Place which abuts their property, with the center of the roadbed forming the property line (*see Borducci v City of Yonkers*, 144 AD2d 321, 323 [1988]).

The plaintiff purchased her property in September 2005 and commenced the instant action in December 2005, inter alia, for an injunction directing the defendant to remove what she

described as a shed and driveway on a portion of her property which lay in the roadbed of Corriere Place. The defendant claimed adverse possession as an affirmative defense.

The plaintiff moved for summary judgment, claiming that the defendant's alleged adverse possession did not continue for the statutory period of 10 years (*see* RPAPL 501), on the ground that as long as Corriere Place remained a paper street, the defendant could not claim adverse possession of the roadbed unless he established that his possession was adverse to all the property owners in the subdivision, citing *O'Hara v Wallace* (83 Misc 2d 383 [1975], *mod on other grounds* 52 AD2d 622 [1976]). The certificate of abandonment of Corriere Place was not signed until 1996 and was not approved until 1997.

The "paper street" rule referred to in *O'Hara v Wallace* (83 Misc 2d 383, 387 [1975], *mod on other grounds* 52 AD2d 622 [1976]) and relied upon by the plaintiff provides that an easement in a street created by reference to a filed map can be extinguished only by the united action of all the lot owners for whose benefit the easement was created (*see Guardino v Colangelo,* 262 AD2d 777, 779 [1999]). This rule has no application here, since we are dealing with rights to title, not easement rights.

There are issues of fact with respect to the defendant's affirmative defense of adverse possession. Accordingly, the plaintiff failed to establish its prima facie entitlement to summary judgment. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.