■ BTJ REALTY, INC., et al., Appellants, v JOSEPH CARADONNA et al., Respondents, et al., Defendants. [885 NYS2d 308]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 3, 2007, as granted those branches of the motion of the defendant Isaac Kotlowicz and the cross motion of the defendant Joseph Caradonna which were, in effect, for summary judgment declaring that the plaintiffs did not acquire title, by adverse possession, of property located on certain portions of the paper street Nepperhan Avenue where that street abuts properties owned by the defendants Joseph Caradonna and Corporate Car Real

Estate, Inc., and (2), as limited by their brief, from so much of an order of the same court entered February 20, 2008, as, upon reargument, granted that branch of the motion of the defendant Isaac Kotlowicz which was, in effect, for summary judgment declaring that he has a right of ingress and egress over the subject portions of the paper streets known as Nepperhan Avenue and Buckout Street.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiffs did not acquire title, by adverse possession, to the property located on certain portions of the paper street Nepperhan Avenue where that street abuts properties owned by the defendants Joseph Caradonna and Corporate Car Real Estate, Inc., and that the defendant Isaac Kotlowicz had a right of ingress and egress over the subject portions of the paper streets known as Nepperhan Avenue and Buckout Street.

To claim title to real property by adverse possession on a claim not based upon a written instrument, in accordance with the law in effect at the time this action was commenced (*see* RPAPL former 522 [1], [2]; *cf.* L 2008, ch 269, § 5; *Walsh v Ellis*, 64 AD3d 702 [2009]), the party seeking title must show that the parcel was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL former 522 [1], [2]). In addition, a party must satisfy the common-law requirement of demonstrating that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for a period of 10 years or more (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *East Hampton Livestock Corp. v Fleming*, 53 AD3d 641 [2008]; *Oistacher v Rosenblatt*, 220 AD2d 493, 494 [1995]).

The defendants Joseph Caradonna and Isaac Kotlowicz established their prima facie entitlement to judgment as a matter of law by showing that the plaintiffs did not meet the statutory or common-law requirements to obtain title to the disputed property by adverse possession. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Perfito v Einhorn*, 62 AD3d 846, 848 [2009]; *Rowland v Crystal Bay Constr.*, 301 AD2d 585 [2003]; *Giannone v Trotwood Corp.*, 266 AD2d 430 [1999]).

The plaintiffs' contention that they obtained an easement by prescription for storing vehicles and equipment over that portion of the paper street Nepperhan Avenue where that street abuts the real property owned by Caradonna was not raised before the Supreme Court and, therefore, is not properly before

this Court on appeal (*see Best Ct. Reporting Serv. v MGM Ct. Reporting Serv.*, 248 AD2d 499 [1998]; *Robinson v Donald C. Swanson, Inc.*, 205 AD2d 678 [1994]; *Modica v Zergebel*, 140 AD2d 414, 415 [1988]).

Moreover, contrary to the plaintiffs' contentions, Kotlowicz neither abandoned his easement over the paper streets at issue nor lost the easement by the plaintiffs' alleged adverse possession. Despite the plaintiffs' seemingly exhaustive recitation of the history of the parcels at issue here, there is no indication in the record that the easement was "extinguished . . . by the united action of all lot owners for whose benefit the easement was created" (*Guardino v Colangelo*, 262 AD2d 777, 779 [1999]; *see Lodol v Arbus*, 46 AD3d 765, 766 [2007]). Additionally, as this is the first time that Kotlowicz has sought to enforce his right to the use of the subject easement, the plaintiffs could not have previously extinguished the easement by adverse possession (*see Will v Gates*, 254 AD2d 275, 276 [1998]; *Fischer v Liebman*, 137 AD2d 485, 488 [1988]; *Castle Assoc. v Schwartz*, 63 AD2d 481, 490 [1978]). Accordingly, the court properly, upon reargument, granted that branch of Kotlowicz's motion which was, in effect, for summary judgment declaring that Kotlowicz has a right of ingress and egress over the subject portions of paper streets known as Nepperhan Avenue and Buckout Street.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiffs did not acquire title, by adverse possession, to the property located on the paper street Nepperhan Avenue where that street abuts properties owned by Caradonna and Corporate Car Real Estate, Inc., and that the defendant Isaac Kotlowicz has a right of ingress and egress over the subject portions of the paper streets known as Nepperhan Avenue and Buckout Street (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.