■ Best & Co. Haircutters, Ltd., Respondent, v William P. Semon, Jr., et al., Defendants, and May Department Stores Company, Appellant. [916 NYS2d 632]—

In an action, inter alia, pursuant to Real Property Actions and Proceedings Law article 15 to compel the determination of a claim to real property, the defendant May Department Stores Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Jonas, J.), entered July 8, 2009, as, upon a decision of the same court dated April 16, 2009, made after a nonjury trial, declared that the plaintiff was the owner of the subject property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to RPAPL 522, as it existed at the time the plaintiff filed this action, where a claim of adverse possession was not based upon a written instrument, the plaintiff had to demonstrate that it "usually cultivated, improved, or substantially enclosed the land" (*Asher v Borenstein*, 76 AD3d 984, 986 [2010], quoting *Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see* RPAPL former 522). Additionally, the plaintiff had to establish that its possession of the disputed parcel was " '(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period' " (*Asher v Borenstein*, 76 AD3d at 986, quoting *Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Zeltser v Sacerdote*, 52 AD3d 824, 825 [2008]).

Since adverse possession is disfavored as a means of gaining title to land, all elements of an adverse possession claim must be proved by clear and convincing evidence (*see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]; *Walsh v Ellis*, 64 AD3d at 703).

This Court's "authority to make factual determinations 'is as broad as that of the trial court and . . . as to a bench trial [this Court] may render the judgment [this Court] find[s] warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Zeltser v Sacerdote*, 52 AD3d at 825-826, quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

The plaintiff owns certain real property known as tax lot 204. The disputed parcel was owned by the defendant May Department Stores Company (hereinafter the defendant). The disputed parcel is approximately 20 feet by 60 feet and lies south of tax lot 204. The disputed parcel is located between the plaintiff's parking lot and the defendant's parking lot. In the early 1970s,

a "gully" comprised some, if not all, of the disputed parcel. The plaintiff presented testimony at trial that it caused the gully to be filled and graded in approximately 1974 or 1975. Thereafter, the plaintiff maintained and used the disputed parcel as a parking area immediately adjacent to its existing parking lot.

In light of the character, condition, location, and potential uses for the disputed parcel, the plaintiff proved by clear and convincing evidence that it usually cultivated or improved the disputed parcel (*see* RPAPL 522 [former (1)]; *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d at 159; *Asher v Borenstein*, 76 AD3d at 986-987; *Merget v Westbury Props., LLC*, 65 AD3d 1102, 1104 [2009]; *Birnbaum v Brody*, 156 AD2d 408, 408 [1989]). The plaintiff also established by clear and convincing evidence that its possession of the disputed parcel was actual, open and notorious, exclusive and continuous for the required period, and hostile and under claim of right (*see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d at 160; *Asher v Borenstein*, 76 AD3d at 986; *Merget v Westbury Props., LLC*, 65 AD3d at 1104-1105; *Zeltser v Sacerdote*, 52 AD3d at 825; *Robinson v Robinson*, 34 AD3d 975, 978 [2006]; *Gerlach v Russo Realty Corp.*, 264 AD2d 756, 757 [1999]; *Levy v Kurpil*, 168 AD2d 881, 883 [1990]; *Risi v Interboro Indus. Parks*, 99 AD2d 466 [1984]).

The plaintiff's contention regarding the testimony of its proffered expert is not properly before this Court (*see* CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]).

Accordingly, the Supreme Court properly declared that the plaintiff was the owner of the subject property. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.