■ SKYVIEW MOTEL, LLC, Respondent, v STUART WALD, Appellant. [919 NYS2d 191]—

This case arises out of a dispute as to the ownership of certain real property located in Yonkers, New York (hereinafter the disputed property). The plaintiff, which holds the deed and title to the disputed property, commenced this action seeking, inter alia, to recover damages for trespass and private nuisance, and to enjoin the defendant from using, dumping, or storing vehicles,

machinery, and debris on the disputed property. The defendant counterclaimed, asserting that he possessed superior title to the disputed property by way of adverse possession. After discovery, the Supreme Court granted the plaintiff's motion for summary judgment, and entered a judgment in favor of the plaintiff and against the defendant. The defendant appeals. We affirm.

A party seeking to obtain title by adverse possession must prove by clear and convincing evidence the following common-law requirements of adverse possession: that (1) the possession was hostile and under claim of right; (2) it was actual; (3) it was open and notorious; (4) it was exclusive; and (5) it was continuous for the statutory period of 10 years (*see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657 [2009]; *Goldschmidt v Ford St., LLC*, 58 AD3d 803, 804 [2009]). Additionally, where, as here, the adverse possession is not founded upon a written instrument, the possessor must also establish, in accordance with the law in effect at the time this action was commenced, that the disputed property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL former 522; *see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657 [2009]; *Goldschmidt v Ford St., LLC*, 58 AD3d at 805).

On its motion for summary judgment, the plaintiff submitted the deed to the disputed property, establishing, prima facie, that it was the record owner. The plaintiff also submitted evidence that the defendant was encroaching upon the disputed property. In opposition, the defendant failed to raise a triable issue of fact as to whether he had obtained title to the disputed property by adverse possession, as he failed to demonstrate that he cultivated or improved it or that it was substantially enclosed (*see Almeida v Wells*, 74 AD3d 1256 [2010]; *Rowland v Crystal Bay Constr.*, 301 AD2d 585 [2003]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment, and thereupon entered judgment in favor of the plaintiff. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.