■ PAUL RAM et al., Plaintiffs/Third-Party Defendants-Respondents, v JOSEPH GEORGE DANN et al., Defendants/Third-Party Defendants-Respondents. JOHN T. ALBERT et al., Third-Party Plaintiffs-Appellants. [924 NYS2d 482]—

In an action pursuant to RPAPL article 15 to determine claims

to real property, the third-party plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Seidell, J.H.O.), dated July 8, 2008, which, after a nonjury trial, inter alia, awarded the plaintiffs/third-party defendants Paul Ram and Patricia Ram title to the subject real property in fee simple absolute, and (2) an order of the same court dated March 13, 2009, which, upon the judgment, among other things, directed the Sheriff of Suffolk County to convey the subject property to the plaintiffs/third-party defendants by quitclaim deed.

Ordered that on the Court's own motion, so much of the notice of appeal as appealed from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the judgment and the order are affirmed, without costs or disbursements.

"A party seeking to obtain title by adverse possession must prove by clear and convincing evidence the following common-law requirements of adverse possession: that (1) the possession was hostile and under claim of right; (2) it was actual; (3) it was open and notorious; (4) it was exclusive; and (5) it was continuous for the statutory period of 10 years" (*Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011]; *see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657, 658 [2009]; *Goldschmidt v Ford St., LLC*, 58 AD3d 803, 804 [2009]). " 'Reduced to its essentials, this means nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period' " (*Hall v Sinclaire*, 35 AD3d 660, 662 [2006], quoting *Brand v Prince*, 35 NY2d 634, 636 [1974]). "Additionally, where, as here, the adverse possession is not founded upon a written instrument, the possessor must also establish, in accordance with the law in effect at the time this action was commenced, that the disputed property was either 'usually cultivated or improved' or 'protected by a substantial inclosure' " (*Skyview Motel, LLC v Wald*, 82 AD3d at 1082, quoting RPAPL former 522; *see BTJ Realty, Inc. v Caradonna*, 65 AD3d at 658; *Goldschmidt v Ford St., LLC*, 58 AD3d at 805). "Since adverse possession is disfavored as a means of gaining title to land, all elements of an adverse possession claim must be proved by clear and convincing evidence" (*Best & Co. Haircutters, Ltd. v Semon*, 81 AD3d 766, 767 [2011]; *see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]; *Walsh v Ellis*, 64 AD3d 702, 703-704 [2009]). While "[t]his Court's 'authority to make factual determinations is as broad as that of the trial court and . . . as to a bench trial [this Court] may render the judgment [this Court] find[s] war-

ranted by the facts,' " this Court will also " 'tak[e] into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Best & Co. Haircutters, Ltd. v Semon*, 81 AD3d at 767 [some internal quotation marks omitted], quoting *Zeltser v Sacerdote*, 52 AD3d 824, 825-826 [2008]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Here, the Supreme Court properly determined that the third-party plaintiffs failed to demonstrate by clear and convincing evidence that they acquired title, by adverse possession, to the parcel that is the subject of the third-party action. It is undisputed that the third-party plaintiffs themselves did not continuously possess the subject parcel for the statutory period of 10 years. The third-party plaintiffs assert that they should be entitled to tack on the immediately preceding period, during which their predecessors in interest possessed the subject parcel. However, "[t]he rule is that successive adverse possessions of property omitted from a deed description, especially contiguous property, may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (*Brand v Prince*, 35 NY2d at 637; *see Reis v Coron*, 37 AD3d 803, 804 [2007]). Here, the Supreme Court properly concluded that the third-party plaintiffs failed to demonstrate that their predecessors in interest intended to convey the subject parcel along with the portion of the land included in the deed. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.