■ MARK KELLY et al., Respondents-Appellants, v ROSEMARY BASTIANIC et al., Appellants-Respondents. [940 NYS2d 152]—

In an action, inter alia, to enjoin the defendants from trespassing on the plaintiffs' property and for a judgment declaring that the plaintiffs own certain real property in fee simple by adverse possession, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated November 15, 2010, as denied their motion for summary judgment, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment on their cause of action to enjoin the defendants from trespassing on their property and on their declaratory judgment cause of action.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, those branches of the plaintiffs' cross motion which were for summary judgment to enjoin the defendants from trespassing on their property and on their declaratory judgment cause of action are granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiffs own the disputed property in fee simple by adverse possession; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

This case involves a dispute over real property that measures approximately one foot in width by 125 feet in length. The disputed property is located between two adjoining parcels of property in Mastic Beach. The plaintiffs began renting the premises located on one of the parcels in 1986. They purchased

that property in December 1989 and have since lived there, except for one year in 1991, when they rented the property to a third party. The defendants purchased the property located next door in 2003.

According to the plaintiffs, when they began living on the property, a six-foot high stockade fence was located along part of the border between their property and the subject property next door. The fence extended from the northern boundary of their property to a midway point of their yard. Based on a land survey from 1981, the fence supposedly was built along the property line. In 1989, the plaintiffs replaced the fence using the old fence post holes, which resulted in the new fence being located in the same place as the old fence. The plaintiffs also planted and cultivated bushes that ran the entire length of the border between the properties. In the late 1990s, the defendants' predecessor extended the fence south to the street. The plaintiffs believed that the fence was located on the property line, and that all of the property on their side of the fence belonged to them.

In 1999 or 2000, the plaintiffs surveyed their property in order to obtain permits to renovate their house. The survey indicated that the fence slightly encroached on the defendants' property. The plaintiffs never discussed this with the defendants' predecessor. As far as they were concerned, the property located on their side of the fence belonged to them.

In 2004, allegedly after asking the plaintiffs' permission, the defendants replaced part of the fence using the same fence posts. Although the defendants' survey of their property when they bought it in 2003 indicated that the fence encroached on their property, the defendants alleged that they were not aware of the encroachment at that time.

In 2007, the defendants' survey was revised, and a stake was set at the actual property line between the two properties. Thereafter, the defendants allegedly began putting wooden stakes and string along the actual property line on the plaintiffs' side of the fence. The plaintiffs removed the stakes and string and commenced this action, inter alia, for a judgment declaring that the disputed property belonged to them through adverse possession and to enjoin the defendants from trespassing on their property. The defendants moved for summary judgment. The plaintiffs cross-moved, inter alia, for summary judgment on their declaratory judgment cause of action and on their cause of action to enjoin the defendants from trespassing on their property. The Supreme Court denied the motion and the cross motion.

"A party seeking to obtain title by adverse possession must prove by clear and convincing evidence the following common-law requirements of adverse possession: that (1) the possession was hostile and under claim of right; (2) it was actual; (3) it was open and notorious; (4) it was exclusive; and (5) it was continuous for the statutory period of 10 years" (*Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011]; *see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657, 658 [2009]; *Goldschmidt v Ford St., LLC*, 58 AD3d 803, 804 [2009]). " 'Reduced to its essentials, this means nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period' " (*Hall v Sinclaire*, 35 AD3d 660, 662 [2006], quoting *Brand v Prince*, 35 NY2d 634, 636 [1974]).

"[Hostile possession] does not require a showing of enmity or specific acts of hostility . . . All that is required is a showing that the possession constitutes an actual invasion of or infringement upon the owner's rights . . . Consequently, hostility may be found even though the possession occurred inadvertently or by mistake" (*Hall v Sinclaire*, 35 AD3d at 663 [internal quotation marks omitted]; *see Gore v Cambareri*, 303 AD2d 551, 553 [2003]; *Randisi v Mira Gardens*, 272 AD2d 387, 388 [2000]; *Greenberg v Sutter*, 257 AD2d 646, 646-647 [1999]). Additionally, under the law as it existed when the plaintiffs commenced this action (*see Asher v Borenstein*, 76 AD3d 984, 986 [2010]; *see also* L 2008, ch 269), "actual knowledge that another person is the title owner does not, in and of itself, defeat a claim of right by an adverse possessor" (*Walling v Przybylo*, 7 NY3d 228, 230 [2006]). "Conduct will prevail over knowledge" (*id.* at 232).

Further, "where, as here, the adverse possession is not founded upon a written instrument, the possessor must also establish, in accordance with the law in effect at the time this action was commenced, that the disputed property was either usually cultivated or improved or "protected by a substantial inclosure" (*Ram v Dann*, 84 AD3d 1204, 1205 [2011] [internal quotation marks omitted]; *see Skyview Motel, LLC v Wald*, 82 AD3d at 1082; RPAPL former 522; *BTJ Realty, Inc. v Caradonna*, 65 AD3d at 658; *Goldschmidt v Ford St., LLC*, 58 AD3d at 805). "Since adverse possession is disfavored as a means of gaining title to land, all elements of an adverse possession claim must be proved by clear and convincing evidence" (*Best & Co. Haircutters, Ltd. v Semon*, 81 AD3d 766, 767 [2011]; *see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]).

The plaintiffs presented evidence establishing, prima facie, that they acquired the property by adverse possession, and the

defendants failed to raise a triable issue of fact in opposition or to establish their own prima facie entitlement to judgment as a matter of law. The plaintiffs showed that they actually invaded the defendants' property and infringed upon their rights for the required 10-year period, that the possession was open and notorious, and that it was exclusive (*see Walling v Przybylo*, 7 NY3d at 232; *Hall v Sinclaire*, 35 AD3d at 663; *Randisi v Mira Gardens*, 272 AD2d at 388; *Greenberg v Sutter*, 257 AD2d at 646-647). Additionally, the plaintiffs showed that they "usually cultivated or improved" the disputed property in accordance with the law applicable at the time (*see* RPAPL former 522). The defendants failed to show that the plaintiffs did not adversely possess the disputed property, and failed to raise a triable issue of fact in response to the plaintiffs' prima facie showing.

Accordingly, those branches of the plaintiffs' cross motion which were for summary judgment on their declaratory judgment cause of action and on their cause of action to enjoin the defendants from trespassing on their property should have been granted. For the same reasons, the defendants' motion was properly denied.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs own the disputed property in fee simple by adverse possession (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Dickerson, Belen and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33309(U).]**