In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated January 6, 2011, as granted those branches of the plaintiff’s motion which were for summary judgment on its first, second, third, and fourth causes of action, and on so much of its seventh cause of action as sought a declaration that the defendant’s actions constitute a continuing trespass onto the plaintiff’s property and, in effect, for summary judgment dismissing the defendant’s counterclaims, and denied its cross motion for summary judgment dismissing the complaint and on its counterclaims.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant own adjacent parcels of land in the Village of Southampton. In June 2009, the plaintiff commenced this action to determine claims to certain property, to recover damages for trespass, and for related declaratory and injunctive relief. The defendant, which acquired its property in October 2000 for the purposes of operating a car wash, admitted the allegations with respect to use of and encroachment upon the plaintiff’s property, but asserted counterclaims for adverse possession and prescriptive easement. After discovery, the plaintiff moved for summary judgment on the complaint and, in effect, dismissing the defendant’s counterclaims. The defendant cross-moved for summary judgment dismissing the complaint and on its counterclaims. The Supreme Court granted *987 those branches of the plaintiffs motion which were for summary judgment on its first, second, third, and fourth causes of action, and on so much of its seventh cause of action as sought a declaration that the defendant’s actions constituted a continuing trespass onto the plaintiff’s property. Accordingly, the Supreme Court also denied the defendant’s cross motion for summary judgment and dismissed the defendant’s counterclaims. The defendant appeals, and we affirm the order insofar as appealed from.
“The essence of trespass is the invasion of a person’s interest in the exclusive possession of land” (Zimmerman v Carmack, 292 AD2d 601, 602 [2002]). An unlawful encroachment has been consistently characterized as a continuous trespass giving rise to successive causes of action, and the statute of limitations would only bar recovery of damages more than three years prior to commencement of the action (see Bloomingdales, Inc. v New York City Tr. Auth., 52 AD3d 120, 123 [2008], affd 13 NY3d 61 [2009]). “The threat of continuing trespass entitles a property owner to injunctive relief where irreparable injury may result” (Long Is. Gynecological Servs. v Murphy, 298 AD2d 504, 504 [2002]; Exchange Bakery & Rest. v Rifkin, 245 NY 260 [1927]).
A party seeking to obtain title by adverse possession must prove by clear and convincing evidence that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years (see Skyview Motel, LLC v Wald, 82 AD3d 1081, 1082 [2011]; BTJ Realty, Inc. v Caradonna, 65 AD3d 657, 658 [2009]). “Since adverse possession is disfavored as a means of gaining title to land, all elements of an adverse possession claim must be proved by clear and convincing evidence” (Best & Co. Haircutters, Ltd. v Semon, 81 AD3d 766, 767 [2011]). Similarly, “[a]n easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period” (Almeida v Wells, 74 AD3d 1256, 1259 [2010]; see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d 690, 691 [2009]; Frumkin v Chemtop, 251 AD2d 449 [1998]). The elements of a prescriptive easement must be established by clear and convincing evidence (see Air Stream Corp. v 3300 Lawson Corp., 84 AD3d 987 [2011], revd on other grounds 18 NY3d 972 [2012]; Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 156 [1992]), and “ c[t]he right acquired by prescription is commensurate with the right enjoyed’ ” (Thury v Britannia Acquisition Corp., 19 AD3d 586, 587 [2005], quoting Prentice v Geiger, 74 NY 341, 347 [1878]; see Zutt v State of New York, 50 AD3d 1133, 1133 [2008]).
*988 Here, the plaintiffs submissions were sufficient to establish its prima facie entitlement to judgment as a matter of law on its causes of action alleging trespass and for related injunctive relief (see Skyview Motel, LLC v Wald, 82 AD3d 1081 [2011]). The plaintiff also demonstrated, among other things, that the defendant could not satisfy the 10-year prescriptive period for the purposes of its counterclaims for adverse possession and prescriptive easement (see Reis v Coron, 37 AD3d 803 [2007]).
In opposition to the plaintiffs showing, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Contrary to the defendant’s contention, it failed to establish, by clear and convincing evidence, that the prescriptive period could be satisfied by “tack[ing]” on a period of adverse possession or use by its predecessor-in-interest (Brand v Prince, 35 NY2d 634, 637 [1974]). Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur. [Prior Case History: 2011 NY Slip Op 30127(U).]