■ BIRCH TREE PARTNERS, LLC, Appellant, v WINDSOR DIGITAL STUDIO, LLC, et al., Respondents. [19 NYS3d 298]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff is the lawful owner of certain real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 29, 2013, which denied its motion for summary judgment declaring that it is the owner of the subject real property by adverse possession and granted the defendants' motion for summary judgment, in effect, declaring that the plaintiff is not the owner of the subject real property by adverse possession.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the subject real property by adverse possession.

"A party seeking to obtain title by adverse possession must prove by clear and convincing evidence the following common-law requirements of adverse possession: that (1) the possession was hostile and under claim of right; (2) it was actual; (3) it was open and notorious; (4) it was exclusive; and (5) it was continuous for the statutory period of 10 years" (*Skyview Motel, LLC v Wald,* 82 AD3d 1081, 1082 [2011]; *see Ram v Dann,* 84 AD3d 1204, 1205 [2011]; *BTJ Realty, Inc. v Caradonna,* 65 AD3d 657, 658 [2009]). Additionally, under the law in effect when title allegedly vested in the plaintiff by adverse possession, where, as here, the adverse possession is not founded upon a written instrument, the possessor must also establish . . . that the disputed property was either " 'usually cultivated or improved' " or " 'protected by a substantial inclosure' " (*Skyview Motel, LLC v Wald,* 82 AD3d at 1082, quoting RPAPL former 522; *see BTJ Realty, Inc. v Caradonna,* 65 AD3d at 658). Moreover, where, as here, the possessor has possessed the disputed property for less than the statutory 10-year period, "successive adverse possessions of property omitted from a deed description, especially contiguous property, may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (*Brand v Prince,* 35 NY2d 634, 637 [1974]; *see Ram v Dann,* 84 AD3d at 1205).

The defendants established their prima facie entitlement to judgment as a matter of law by showing that the disputed property was not cultivated or improved (*see Pritsiolas v Apple Bankcorp, Inc.*, 120 AD3d 647, 650 [2014]; *Giannone v Trotwood Corp.*, 266 AD2d 430, 431 [1999]) and that the plaintiff's predecessor in title did not intend to and actually turn over possession of the disputed property (*see Ram v Dann*, 84 AD3d at 1205). In opposition, the plaintiff failed to raise a triable issue of fact (*see Reis v Coron*, 37 AD3d 803, 804 [2007]; *Speziale v Grabeklis*, 303 AD2d 746, 747 [2003]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment declaring that it is the owner of the disputed property by adverse possession and granted the defendants' motion for summary judgment, in effect, declaring that the plaintiff is not the owner of the disputed property by adverse possession.

Since the action is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the disputed property by adverse possession (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.