Finger v 162 Grand St. Realty, LLC (2020 NY Slip Op 03098)





Finger v 162 Grand St. Realty, LLC


2020 NY Slip Op 03098


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-03455
 (Index No. 57332/16)

[*1]Kenneth J. Finger, et al., appellants, 
v
162 Grand Street Realty, LLC, respondent.


Finger & Finger, P.C., White Plains, NY (Daniel S. Finger of counsel), for appellants.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson and Alyson Kuritzky of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson), dated March 13, 2017. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment declaring that they had acquired title to the subject real property by adverse possession, denied that branch of the plaintiffs' motion in limine which was to preclude the defendant from offering the deposition of nonparty witness James Marino at trial, and granted the defendant's cross motion for summary judgment, in effect, declaring that the plaintiffs are not the owners of the disputed property by adverse possession, and dismissing the amended complaint.
ORDERED that the appeal from so much of the order as denied that branch of the plaintiffs' motion in limine which was to preclude the defendant from offering the deposition of nonparty witness James Marino at trial is dismissed because that portion of the order appealed from is an evidentiary ruling, which is neither appealable as of right nor by permission (see Curtis v Fishkill Allsport Fitness & Racquetball Club, 2 AD3d 768); and it is further,
ORDERED that the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of judgment, inter alia, declaring that the plaintiffs are not the owners of the disputed property by adverse possession; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiffs and the defendant own adjacent parcels of real property located on Grand Street in White Plains. In May 2016, the plaintiffs commenced this action, seeking, inter alia, a judgment declaring that the plaintiffs had acquired, pursuant to the doctrine of adverse possession, title to a 24-inch strip of land on the defendant's property that runs between the plaintiffs' property and the defendant's property and extends the length of a driveway separating the properties, and a 4-foot strip of land on the defendant's property that runs between the plaintiffs' property and the defendant's property at the rear of defendant's property (hereinafter together the disputed property).
The plaintiffs moved for summary judgment seeking, inter alia, a declaration that they had acquired title to the disputed property by adverse possession. The defendant cross-moved for [*2]summary judgment, in effect, declaring that the plaintiffs are not the owners of the disputed property by adverse possession, and dismissing the amended complaint. The Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment declaring that they had acquired title to the disputed property by adverse possession, and granted the defendant's cross motion. The plaintiffs appeal.
"A party seeking to obtain title by adverse possession must prove by clear and convincing evidence the following common-law requirements of adverse possession: that (1) the possession was hostile and under claim of right; (2) it was actual; (3) it was open and notorious; (4) it was exclusive; and (5) it was continuous for the statutory period of 10 years" (Skyview Motel, LLC v Wald, 82 AD3d 1081, 1082; see Ram v Dann, 84 AD3d 1204, 1205; BTJ Realty, Inc. v Caradonna, 65 AD3d 657, 658). Additionally, under the law in effect when title allegedly vested in the plaintiffs by adverse possession, where, as here, the adverse possession is not founded upon a written instrument, the possessor must also establish that the disputed property was either " usually cultivated or improved'" or " protected by a substantial inclosure'" (Skyview Motel, LLC v Wald, 82 AD3d at 1082, quoting RPAPL former 522; see BTJ Realty, Inc. v Caradonna, 65 AD3d at 658).
We agree with the Supreme Court's determination denying that branch of the plaintiffs' motion which was for summary judgment declaring that they had acquired title to the disputed property by adverse possession, as they failed to establish, as a matter of law, that the disputed property was either "usually cultivated or improved" or "protected by a substantial inclosure" (see Rowland v Crystal Bay Constr., 301 AD2d 585, 585-586). Further, we agree with the court's determination granting the defendant's cross motion for summary judgment, in effect, declaring that the plaintiffs are not the owners of the disputed property by adverse possession, and dismissing the amended complaint. The defendant established, prima facie, that the plaintiffs' acts of maintaining and using the disputed property did not satisfy the statutory requirement of usual cultivation or improvement (see id. at 585-586; Giannone v Trotwood Corp., 266 AD2d 430, 431), and that the disputed property was not protected by a substantial enclosure (see RPAPL former 522). Additionally, the defendant established, prima facie, that the plaintiffs' possession of the disputed property was not under a claim of right (see Bockowski v Malak, 280 AD2d 572). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
The plaintiffs' remaining contentions, raised for the first time on appeal, are not properly before this Court.
Since this is an action, among other things, for declaratory relief, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not the owners of the disputed property by adverse possession (see Lanza v Wagner, 11 NY2d 317, 334; Birch Tree Partners, LLC v Windsor Digital Studio, LLC, 132 AD3d 932, 933).
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court